IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MULTI-GLASS INTERNATIONAL CORP., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO.: 02-CV-4408 |
| v. | : | |
| REFRACTORY AND INSULATION SUPPLY CORP. AND JEFF CANTWELL, | : | JURY TRIAL DEMANDED |
| Defendants | : | |
| and | : | |
| KNAUF FIBER GLASS GmbH, | : | |
| Intervenor. | : | |

## KNAUF FIBER GLASS GmbH'S ANSWER WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant-Intervenor, Knauf Fiber Glass GmbH ("Knauf"), by and through its attorneys, Adelman Lavine Gold and Levin, a Professional Corporation, hereby files this Answer with Affirmative Defenses, Counterclaim and Demand for Jury Trial, as Defendants' assignee of their right, title and interest in, to and under the Escrow Agreement (as that term is defined in Paragraph 43 of the Counterclaim).

### ANSWER

1. Denied. Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

2. Denied. Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

3. Denied. Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

4. Denied. Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

## COUNT I – BREACH OF CONTRACT

5. Denied. To the extent the allegations in this averment attempt to characterize the text of the Asset Purchase Agreement, they are denied. By way of further answer, the Asset Purchase Agreement is the best evidence of its contents, and therefore, the allegations of this averment are denied.

6. Denied. To the extent the allegations in this averment attempt to characterize the text of Exhibit 2.2 to the Asset Purchase Agreement, they are denied. By way of further answer, Exhibit 2.2 is the best evidence of its contents, and therefore, the allegations of this averment are denied. Furthermore, Knauf denies that Pepper Hamilton, LLP, is a defendant in the above-captioned action (the "Action").

7. Admitted.

8. Denied. To the extent that the allegations in this averment attempt to characterize the text of the Asset Purchase Agreement, they are denied. By way of further answer, the Asset Purchase Agreement is the best evidence of its contents, and therefore, the allegations of this averment are denied.

9. Denied. To the extent the allegations in this averment attempt to characterize the text of the Holdback, Earn Out Escrow Agreement (the "Escrow Agreement"), they are denied. By way of further answer, the Escrow Agreement is the best evidence of its contents, and therefore, the allegations of this averment are denied.

2

10. Denied. The Complaint fails to define the term "contract", and therefore, Knauf is without knowledge or information sufficient to form a belief to the truth of the allegations in this averment.

11. Denied. While the document attached to the complaint as Exhibit "A" indicates that the Closing (as that term is defined in the document attached to the complaint as Exhibit "A") occurred on February 17, 2000, Knauf is without knowledge or information sufficient to form a belief as to whether or not the Closing actually occurred on February 17, 2000.

12. Admitted in part, denied in part. It is admitted that six months have elapsed since the Effective Date (as that term is defined in the Asset Purchase Agreement) of the Asset Purchase Agreement. However, the remaining allegations of this averment are denied since Knauf is without knowledge or information sufficient to form a belief as to their truth.

13. Admitted in part, denied in part. It is admitted that following the purchase of Risco's assets by Multi-Glass, Multi-Glass continued the operations formerly conducted by Risco at Risco's principal place of business, until Multi-Glass discontinued its operations. However, the remaining allegations of this averment are denied since Knauf is without knowledge or information sufficient to form a belief as to their truth.

14. Denied. Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

15. Admitted in part, denied in part. It is admitted that Pepper Hamilton, LLP, was the recipient of $50,000.00 pursuant to the Asset Purchase Agreement. To the extent the term "custodian" means Escrow Agent (as that term is defined in the Escrow

3

Agreement), Knauf admits that Pepper Hamilton, LLP, is the Escrow Agent; otherwise, Knauf is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of this averment, and therefore, they are denied.

16. Admitted in part, denied in part. It is admitted that Pepper Hamilton, LLP, was the recipient of $100,000.00 pursuant to the documents attached as Exhibits "A" and "B" to the Complaint. To the extent the term "custodian" means Escrow Agent (as that term is defined in the document attached to the Complaint as Exhibit "C"), Knauf admits that Pepper Hamilton, LLP, is the Escrow Agent; otherwise, Knauf is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of this averment, and therefore, they are denied.

17. Denied. Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

18. Denied. Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

19. Admitted in part, denied in part. It is admitted that Pepper Hamilton, LLP, has refused to release the Escrow Amount. The remaining allegations of this averment are denied since Knauf is without knowledge or information sufficient to form a belief as to their truth. By way of further answer, the document attached as Exhibit "D" to the Complaint is the best evidence of its contents, and therefore, the remaining allegations of this averment are denied.

20. Admitted.

WHEREFORE, Knauf respectfully requests that this Court enter judgment in its favor and against all other parties to the Action, and grant to Knauf such other and further relief as this Court deems just and proper.

### COUNT II – CONVERSION

21. Knauf hereby incorporates by reference the above Paragraph 1 through 20, inclusive, as though they are fully set forth at length herein.

22. Denied. This averment is directed to parties other than Knauf, and as such, no responsive pleading is required. To the extent a response is required, Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

WHEREFORE, Knauf respectfully requests that this Court enter judgment in its favor and against all other parties to the Action, and grant to Knauf such other and further relief as this Court deems just and proper.

### COUNT III – DECLARATORY RELIEF

23. Knauf hereby incorporates by reference the above Paragraph 1 through 22, inclusive, as though they are fully set forth at length herein.

24. Denied. The allegations contained in this averment are conclusions of law to which no responsive pleading is required. To the extent a response is required, Knauf is without knowledge or information sufficient to form a belief as to the truth of the allegations in this averment.

WHEREFORE, Knauf respectfully requests that this Court enter judgment in its favor and against all other parties to the Action, and grant to Knauf such other and further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

25. Knauf hereby incorporates by reference the above Paragraph 1 through 24, inclusive, as though they are fully set forth at length herein.

26. The Complaint fails to state a claim upon which relief may be granted.

27. Plaintiff's claims are barred since it materially breached the Asset Purchase Agreement.

28. Plaintiff failed to perform as promised and as required under the Asset Purchase Agreement, and thus, the claims asserted in the Complaint must be dismissed.

29. Plaintiff's failure to perform in good faith and as required under the Asset Purchase Agreement amounted to a surrender of its rights under the Asset Purchase Agreement, and therefore, Plaintiff's claims are barred by the doctrine of waiver.

30. Plaintiff's claims are barred by the doctrine of unclean hands.

31. Plaintiff's claims are barred by the doctrine of estoppel.

32. Plaintiff's claims are barred by the equitable doctrine of laches.

33. The damages sought by Plaintiff, if any, were caused by others over whom the Defendants and Knauf had no control and no right to control.

34. Plaintiff's claims are barred since it did not act in good faith and/or did not use its best efforts in performing its obligations under the Asset Purchase Agreement.

WHEREFORE, Knauf respectfully requests that this Court enter judgment in its

favor and against all other parties to the Action, and grant to Knauf such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

35. Counterclaim-Plaintiff, Knauf, is a German corporation and a citizen of the State of Kansas.

36. Counterclaim-Defendant, Multi-Glass, is, upon the admission contained in the Complaint, a Delaware Corporation with a principal place of business at 191 Attwell Drive, Unit 1, Etobicoke, Ontario M9W 5Z2.

37. This Court has jurisdiction of this Counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367. Venue in this jurisdiction is proper based on 28 U.S.C. §§1391 and 1441.

38. On or about November 17, 1999, Knauf filed a Complaint (the "Knauf Complaint") against Risco in this Court, which Knauf Complaint is captioned as <u>Knauf Fiber Glass GMBH v. Refractory and Insulation Supply Corp. d/b/a RISCO</u>, and is docketed at No. 99-5741 (the "Knauf-Risco Litigation"), and which Knauf Complaint alleges that Knauf sold and delivered insulation related products to Risco for which Risco did not pay, despite demand for payment being made by Knauf. A true and correct copy of the Knauf Complaint is attached hereto as Exhibit "A" and hereby incorporated by reference.

39. At all times relevant hereto, Defendant Cantwell was an officer and sole shareholder of Risco.

40. On or about February 24, 2000, Risco agreed to enter into a Stipulated Judgment (the "Stipulated Judgment") in favor of Knauf and against Risco in the amount

7

of $788,746.13 (being the principal amount then due and owing by Risco to Knauf), which Stipulated Judgment was subsequently entered in the Knauf-Risco Litigation on March 14, 2000. A true and correct copy of the Stipulated Judgment is attached hereto as Exhibit "B" and hereby incorporated by reference.

41. As a result of execution on the Stipulated Judgment, on or about January 11, 2001, Knauf recovered the amount of $37,519.03 from Risco. Accordingly, the amount now due and owing is $884,219.52[1] plus continuing interest.

42. However, unbeknownst to Knauf until after the Sale Date, on or about February 17, 2000 (the "Sale Date"), Risco entered into the Asset Purchase Agreement with Multi-Glass whereby Risco agreed to, and did in fact, sell, and Multi-Glass agreed to, and did in fact, purchase, substantially all of Risco's assets for the sum of $1,062,115.00 (the "Purchase Price"). A true and correct copy of the Asset Purchase Agreement, without appendix or exhibits, is attached hereto as Exhibit "C" and hereby incorporated by reference.

43. In accordance with the terms of the Asset Purchase Agreement and the Escrow Agreement, the Escrow Property (as that term is defined in the Escrow Agreement) was delivered by Multi-Glass to Pepper Hamilton, LLP, as Escrow Agent. A true and correct copy of the Escrow Agreement is attached hereto as Exhibit "D" and hereby incorporated by reference.

---

[1] The amount now due and owing to Knauf is calculated as follows: the amount of the Stipulated Judgment (i.e., $788,746.13) plus accrued interest until the receipt of the amount recovered by executing on the Stipulated Judgment, less the value of the amount recovered by executing on the Stipulated Judgment (i.e., $37,519.03), plus accrued interest until the filing of this Counterclaim, for a total amount due and owing to Knauf of $884,219.52 as of the date of the filing of this Counterclaim. The interest rate used to calculate the accrued interest is equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the entry of the Stipulated Judgment in accordance with 28 U.S.C. §1961.

44. Pursuant to a Settlement Agreement by and among Knauf, Cantwell and Risco dated October 12, 2001, Risco and Cantwell assigned to Knauf their respective right, title and interest in, to and under the Escrow Agreement (collectively, the "Assignments"). A true and correct copy of the Settlement Agreement and the Assignments are attached hereto as Exhibit "E" and hereby incorporated by reference.

45. Under the terms of the Asset Purchase Agreement and the Escrow Agreement, Risco was entitled to receive the Escrow Property if the Business (as that term is defined in the Asset Purchase Agreement) attained a certain benchmark for sales and gross margin on sales. A true and correct copy of Exhibit 2.2 of the Asset Purchase Agreement is attached hereto as Exhibit "F" and hereby incorporated by reference.

46. Multi-Glass purchased substantially all of Risco's assets and assumed those liabilities of Risco necessary to continue Risco's operations.

47. Multi-Glass continued the operations of Risco from Risco's one and only principal place of business after the Sale Date.

48. After the Sale Date, Multi-Glass sold and supplied the same products and services as Risco sold and supplied prior to the Sale Date.

49. Upon information and belief, Multi-Glass held itself out as Risco to the public by continuing to use the name "Risco" after the Sale Date.

50. Multi-Glass retained substantially all of Risco's employees and officers, with the exception of Cantwell.

51. Risco terminated operations promptly after the Sale Date.

## COUNT I – BREACH OF CONTRACT

52. The above Paragraphs 35 through 51, inclusive, are hereby incorporated herein as though fully set forth at length herein.

53. Under the terms of the Asset Purchase Agreement and the Escrow Agreement, Risco was entitled to receive the Escrow Property if the Business (as that term is defined in the Asset Purchase Agreement) attained a certain benchmark for sales and gross margin on sales. See Exhibit 2.2 of the Asset Purchase Agreement attached hereto as Exhibit "F".

54. After the Sale Date and prior to sixty (60) days after the first anniversary of the Closing Date (as that term is defined in the Asset Purchase Agreement), Multi-Glass terminated and/or significantly reduced the size of its sales force, thereby preventing it from fully performing as required by and under the terms of the Asset Purchase Agreement.

55. Multi-Glass breached the Asset Purchase Agreement by (i) failing to act in good faith; (ii) failing to use its best efforts to perform under the Asset Purchase Agreement; and (iii) failing to perform under the Asset Purchase Agreement.

WHEREFORE, Knauf respectfully requests that this Court enter judgment in its favor and against Multi-Glass in the amount of $150,000.00, plus interest, costs, attorneys' fees and such other and further relief as this Court deems just and proper.

## COUNT II – SUCCESSOR LIABILITY

56. The above Paragraphs 35 through 55, inclusive, are hereby incorporated herein as though fully set forth at length herein.

57. Multi-Glass is a mere continuation of Risco.

58. The transaction contemplated by and completed pursuant to the Asset Purchase Agreement amounted to a *de facto* consolidation or merger by and between Risco and Multi-Glass.

59. The transaction contemplated by and completed pursuant to the Asset Purchase Agreement failed to protect the creditors of Risco at a time when Risco's liabilities were greater than its assets.

60. Multi-Glass is the successor to Risco, and as such, is liable to Knauf for the full amount of the Stipulated Judgment plus interest.

WHEREFORE, Counterclaim-Plaintiff, Knauf, requests that this Court enter judgment in its favor and against Multi-Glass, as successor to Risco, in the amount of $884,219.52, together with interest as allowed by law, costs, attorneys' fees and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Knauf hereby demands a trial by jury for all matters asserted by any party in the Action.

Respectfully submitted,

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation

By: _____
Barry D. Kleban, Esquire
Bradford J. Sandler, Esquire
1900 Two Penn Center Plaza
Philadelphia, PA 19102-1799
(215) 568-7515
Attorneys for Intervenor,
Knauf Fiber Glass GmbH

Dated: December 4, 2002

11

# Exhibit "A"

# Exhibit "B"

**Exhibit "C"**

# Exhibit "D"

**Exhibit "E"**

**Exhibit "F"**